UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
120 GREENWICH DEVELOPMENT                    Index No.: 08 CV 6491 (AKH)
ASSOCIATES, L.L.C.,

                           Plaintiffs,                    **ANSWER TO**
                                                                                     **DECLARATORY**
           -against-                                   **JUDGMENT COMPLAINT**

ADMIRAL INDEMNITY COMPANY and
TIG INSURANCE COMPANY,

                           Defendants.
------------------------------------------------------------------X

      Defendant, ADMIRAL INDEMNITY COMPANY, by its attorneys, BURNS, RUSSO, TAMIGI & REARDON, LLP, as and for its answer to plaintiff's declaratory judgment complaint, respectfully alleges upon information and belief:

### ANSWERING JURISDICTION

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1", "2" and "3" of the complaint, and respectfully refers all questions of law to the Court.

### ANSWERING VENUE

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the complaint, and respectfully refers all questions of law to the Court.

### ANSWERING THE PARTIES

    3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "5", "6", "8", "10", "12", and "13" of the complaint.

    4.    Denies each and every allegation contained in paragraph "7" of the complaint, except admits that ADMIRAL is a Delaware corporation.

5. Denies each and every allegation contained in paragraph "11" of the complaint, except admits that ADMIRAL issued Policy 21-2-3243-31-02 to 120 GREENWICH DEVELOPMENT ASSOCIATES, L.L.C., and refers to said policy as to its terms, coverage, provisions, conditions and exclusions.

## ANSWERING THE UNDERLYING ACTION

6. Denies each and every allegation contained in paragraph "14" of the complaint to the extent directed against this answering defendant, denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent directed against the co-defendants, affirmatively states that ADMIRAL appropriately disclaimed coverage as to the *Barragan* lawsuit, has no duty to defend or indemnify, and further affirmatively states that it never received notice of or a tender as to the *Castro* lawsuit.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "15" and "20" of the complaint, and refers the court to the pleadings as to their contents.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "16" and "19" of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "17" and "18" of the complaint, except admits ADMIRAL disclaimed coverage as to the *Barragan* lawsuit, and affirmatively states that it did not afford or decline coverage as to the *Castro* lawsuit, and never received notice of or a tender as to the *Castro* lawsuit.

## ANSWERING ADMIRAL GENERAL LIABILITY POLICY

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "21" and "22" of the complaint, and refers to the policy as to its terms, coverage, provisions, conditions and exclusions.

11. Denies each and every allegation contained in paragraphs "23", "24", "25" and "26" of the complaint, and refers the court to the letters as to their contents.

### ANSWERING TIG UMBRELLA POLICY NO. XLB38863588

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "27", "28" and "29" of the complaint.

### ANSWERING TIG EXCESS UMBRELLA POLICY

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "30", "31" and "32" of the complaint.

### ANSWERING THE FIRST CAUSE OF ACTION

14. In response to paragraph "33" of the complaint, the answering defendant repeats, reiterates and realleges its responses to paragraphs "1" through "32" of the complaint with the same force and effect as if same were set forth in full at this point.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the complaint, and refers the court to the policy.

16. Denies each and every allegation contained in paragraphs "35", "36" and "37" of the complaint, refers the court to the pleadings as to their contents, and respectfully refers all questions of law to the Court.

17. Denies each and every allegation contained in paragraphs "38", "39", "40", "41", "43" and "44" of the complaint, and respectfully refer all questions of law to the Court.

18. Denies each and every allegation contained in paragraph "42" of the complaint, except admits that ADMIRAL disclaimed coverage as to the *Barragan* lawsuit, and affirmatively states that it did not afford or decline coverage as to the *Castro* lawsuit, and never received notice of or a tender as to the *Castro* lawsuit.

## ANSWERING THE SECOND CAUSE OF ACTION

19. In response to paragraph "45" of the complaint, the answering defendant repeats, reiterates and realleges its responses to paragraphs "1" through "44" of the complaint with the same force and effect as if same were set forth in full at this point.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "46", "47", "48", "49", "50", "51", "52", "53", "54", "55" and "56" of the complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

21. In response to paragraph "57" of the complaint, the answering defendant repeats, reiterates and realleges its responses to paragraphs "1" through "56" of the complaint with the same force and effect as if same were set forth in full at this point.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "58", "59", "60", "61", "62", "63", "64", "65", "66", "67" and "68" of the complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

23. In response to paragraph "69" of the complaint, the answering defendant repeats, reiterates and realleges its responses to paragraphs "1" through "68" of the complaint with the same force and effect as if same were set forth in full at this point.

24. Denies each and every allegation contained in paragraphs "70" and "71" of the complaint to the extent directed against this answering defendant; respectfully refers all questions of law to the Court; and denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent directed against the co-defendants.

25. Denies each and every allegation contained in paragraph "72" of the complaint, and respectfully refers all questions of law to the Court.

26. Denies each and every allegation contained in paragraph "73" of the complaint to the extent directed against this answering defendant, and denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent directed against the co-defendants.

27. Denies each and every allegation contained in paragraph "74" of the complaint.

## AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

28. Plaintiff's complaint fails to state a cause of action in that plaintiff failed to provide all or some of the documents incorporated by reference.

## AS AND FOR A SECOND, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

29. All or some of the claims for which plaintiff seeks coverage are precluded or limited by the applicable provisions, terms, conditions, limitations and/or exclusions of the policy at issue herein and/or by public policy and/or express provision of law.

## AS AND FOR A THIRD, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

30. All or some of the damages for which plaintiff seeks coverage are precluded or limited by the applicable provisions, terms, conditions, limitations and/or exclusions of the policy at issue herein and/or by public policy and/or express provision of law.

## AS AND FOR A FOURTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

31. The rights and obligations of defendants are defined and controlled by the limits of liability, terms, exclusions, conditions and other provisions of the policy at issue herein. The terms, exclusions, conditions and other provisions of said policy are too voluminous to itemize as affirmative defenses and are therefore incorporated by reference herein.

### AS AND FOR A FIFTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

32.  The complaint does not describe the underlying actions with sufficient particularity to permit defendants to ascertain what other defenses (including defenses based on terms, conditions or exclusions of the policy at issue herein) may exist. Defendants therefore reserve the right to assert all defenses which may pertain to them once the precise nature of such actions are determined.

### AS AND FOR A SIXTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

33.  Plaintiff has failed to comply with conditions precedent and subsequent necessary to the existence of coverage under the policy at issue herein.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST ALL CO-DEFENDANTS

34.  That if the plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's complaint by reasons other than the plaintiff's own carelessness, recklessness, negligence, breach of contract, and/or acts of omission or commission, then said damages were sustained by reason of the carelessness, recklessness, negligence and/or acts of omission or commission, and/or breach of warranty and/or breach of contract and/or breach of indemnity agreement and/or breach of hold harmless agreement and/or breach of insurance procurement provision and/or failure to procure insurance and/or breach of law, statute or ordinance by, and/or strict liability of the co-defendants, their agents, servants, and/or employees; and if any judgment is recovered herein by plaintiff against defendant ADMIRAL INDEMNITY COMPANY, which will be damaged thereby, then the co-defendants are or will be responsible in whole or part therefor.

35.   That by reason of the foregoing, the co-defendants will be liable to the defendant ADMIRAL INDEMNITY COMPANY, which will be entitled to be indemnified in the full amount of said judgment, in the event of recovery herein by the plaintiff or for that proportion thereof caused by the relative responsibility of the co-defendants, and the co-defendants are bound to pay any and all attorneys' fees and costs of investigation and disbursements.

WHEREFORE, defendant, ADMIRAL INDEMNITY COMPANY, demands judgment dismissing the plaintiff's complaint herein as to said answering defendant, with costs and disbursements; and in the alternative demands that the ultimate rights of the defendants herein, as between themselves, be determined in this action, and that this answering defendant have judgment over and against co-defendants for all or that portion of any verdict which may be obtained herein by the plaintiff against this answering defendant, to the extent that the responsibility of co-defendants contributed thereto, plus all attorneys' fees and all other costs herein; together with the costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
       August 26, 2008

Yours, etc.,

BURNS, RUSSO, TAMIGI & REARDON, LLP

By: _____
    ARNOLD STREAM (AS-0723)
Attorneys for Defendant
ADMIRAL INDEMNITY COMPANY
390 Old Country Road
Garden City, New York 11530
516/746-7371
**Our Ref.: FICO 12782**

TO:
    NICOLETTI HORNIG & SWEENEY
    John A. V. Nicoletti (JN-7174)
    Attorneys for Plaintiff
    Wall Street Plaza
    88 Pine Street, 7th Floor
    New York, New York 10005-1801
    (212) 220-3830

    LANDMAN, CORSI, BALLAINE & FORD, P.C.
    Stephen Jacobs (SJ-4437)
    Attorneys for Defendant
    TIG INSURANCE COMPANY
    120 Broadway, 27th Floor
    New York, New York 10271-0079
    (212) 238-4806

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
120 GREENWICH DEVELOPMENT
ASSOCIATES, L.L.C.,

                      Plaintiff,

      -against-

ADMIRAL INDEMNITY COMPANY and TIG
INSURANCE COMPANY,

                      Defendants.
-------------------------------------------------------------------X

Index No.: 08 CV 6491 (AKH)

**NOTICE TO TAKE DEPOSITIONS**

S I R S :

    **PLEASE TAKE NOTICE**, that pursuant to the Federal Rules of Civil Procedure, depositions of plaintiff and co-defendant, will be taken before a Notary Public, on the **25th day of November, 2008**, at 10:00 o'clock in the forenoon of that day, at the law offices of BURNS, RUSSO, TAMIGI & REARDON, LLP, 390 Old Country Road, Garden City, New York 11530, with respect to evidence material and necessary in the defense of this action.

    That said persons to be examined are required to produce at such examination the following:

    All books, records, correspondence, memoranda, receipts, records, bills and other documents relevant to the within action.

Dated: Garden City, New York
       August 26, 2008

Yours, etc.,

**BURNS, RUSSO, TAMIGI & REARDON, LLP**

By:_____
ARNOLD STREAM (AS-0723)
Attorneys for Defendant
ADMIRAL INDEMNITY COMPANY
390 Old Country Road
Garden City, New York 11530
516/746-7371
**Our Ref.: FICO 12782**

TO:
NICOLETTI HORNIG & SWEENEY
John A. V. Nicoletti (JN-7174)
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
(212) 220-3830

LANDMAN, CORSI, BALLAINE & FORD, P.C.
Stephen Jacobs (SJ-4437)
Attorneys for Defendant
TIG INSURANCE COMPANY
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4806

<u>AFFIDAVIT OF SERVICE BY MAIL</u>

STATE OF NEW YORK)
                 ) ss.:
COUNTY OF NASSAU )

**MARIA AIELLO,** being duly sworn, deposes and says:

I am not a party to this action, I am over 18 years of age, and I reside in Nassau County, New York.

On August 26, 2008, I served the within **ANSWER TO DECLARATORY JUDGMENT COMPLAINT and NOTICE TO TAKE DEPOSITIONS** upon the parties listed below at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depositary under the exclusive care and custody of the United States Postal Service within the State of New York.

NICOLETTI HORNIG & SWEENEY
John A. V. Nicoletti (JN-7174)
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801

LANDMAN, CORSI, BALLAINE & FORD, P.C.
Stephen Jacobs (SJ-4437)
120 Broadway, 27th Floor
New York, New York 10271-0079

_____
MARIA AIELLO

Sworn to before me this
XX day of August, 2008.

_____
NOTARY PUBLIC

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK)
                 ) ss.:
COUNTY OF NASSAU )

**MARIA AIELLO,** being duly sworn, deposes and says:

I am not a party to this action, I am over 18 years of age, and I reside in Nassau County, New York.

On August 26, 2008, I served the within **ANSWER TO DECLARATORY JUDGMENT COMPLAINT and NOTICE TO TAKE DEPOSITIONS** upon the parties listed below at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depositary under the exclusive care and custody of the United States Postal Service within the State of New York.

NICOLETTI HORNIG & SWEENEY
John A. V. Nicoletti (JN-7174)
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801

LANDMAN, CORSI, BALLAINE & FORD, P.C.
Stephen Jacobs (SJ-4437)
120 Broadway, 27th Floor
New York, New York 10271-0079

_____
MARIA AIELLO

Sworn to before me this
26th day of August, 2008.

_____
NOTARY PUBLIC