UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
120 GREENWICH DEVELOPMENT ASSOCIATES, LLC,

                 Plaintiff,

- against-

ADMIRAL INDEMNITY COMPANY and TIG
INSURANCE COMPANY,

                 Defendants.
------------------------------------------------------------------------- x

ANSWER

08 CV 6491
(AKH)

      Defendant TIG Insurance Company ("TIG" or "Defendant"), by and through its attorneys, Landman Corsi Ballaine & Ford P.C., hereby answers the Declaratory Judgment Complaint ("Complaint") herein as follows:

      1.     States that Paragraph 1 of the Complaint does not require a response; to the extent a response is required, TIG denies knowledge or information sufficient form a belief as to the truth of the allegations contained in Paragraph 1 and respectfully refers all questions of law of the Court.

      2-3.    Denies each and every allegation contained in Paragraphs 2-3 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they concern defendant Admiral Indemnity Company ("Admiral") and respectfully refers all questions of law to the Court.

      4.     States that Paragraph 4 of the Complaint does not require a response; to the extent a response is required, TIG denies knowledge or information sufficient form a belief as to the truth of the allegations contained in Paragraph 4 and respectfully refers all questions of law of the Court.

      5-7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 5-7 of the Complaint.

8. Denies each and every allegation contained in Paragraph 8 of the Complaint, except admits that TIG is a California corporation.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Denies each and every allegation contained in Paragraph 10 of the Complaint, except admits that Riverstone Claims Management, LLC ("Riverstone") administers claims on behalf of TIG and is not a party to this action and respectfully refers all questions of law to the Court.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12-13. Denies each and every allegation contained in Paragraphs 12-13 of the Complaint, except admits that TIG issued Policy No. XLB3886388 (the "Umbrella Policy") and Policy No. XLX38863589 (the "Excess Umbrella Policy")(together, "the Policies") to Distinguished Properties Umbrella Managers, Inc. Purchasing Group, refers to the Policies and the certificates issued thereunder for the contents thereof, and respectfully refers all questions of law to the Court.

14. Denies each and every allegation contained in Paragraph 14 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they concern Admiral, admits the existence of the actions entitled <u>Barragan v. 160 Water Street, Inc.</u>, 1:07-CV-01469--AKH (S.D.N.Y.)(the "Barragan Action"), <u>Castro v. 100 Church Street</u>, 1:07-CV-08279--AKH (S.D.N.Y.)(the "Castro Action") and In Re World Trade Center Lower Manhattan Disaster Site Litigation, 1:21-MC-00102-AKH (the "WTC Litigation")(collectively, the "Underlying Actions"), refers to the pleadings therein without admitting the truth of the contents thereof, and respectfully refers all questions of law to the Court.

15. Denies each and every allegation contained in Paragraph 15 of the Complaint, except admits the existence of the Underlying Actions, refers to the pleadings therein without admitting the truth of the contents thereof, and respectfully refers all questions of law to the Court.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Denies each and every allegation contained in Paragraph 17 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they concern Admiral, admits that TIG set forth its coverage position in letters dated November 2, 2007 and December 12, 2007, refers to those letters for the contents thereof, and respectfully refers all questions of law to the Court.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Denies each and every allegation contained in Paragraph 19 of the Complaint, except admits that RiverStone set forth TIG's coverage position in letters dated November 2, 2007 and December 12, 2007 to plaintiff, refers to those letters for the contents thereof, and respectfully refers all questions of law to the Court..

20. Denies each and every allegation contained in Paragraph 20 of the Complaint, except admits the existence of the Underlying Actions, refers to the pleadings therein without admitting the truth of the contents thereof, and respectfully refers all questions of law to the Court.

21-26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 21-26 of the Complaint.

27-28. Denies each and every allegation contained in Paragraphs 27-28 of the Complaint, except admits that TIG issued the Umbrella Policy and refers to that policy and the certificates issued thereunder for the contents thereof.

29. Denies each and every allegation contained in Paragraph 29 of the Complaint, except admits that RiverStone set forth TIG's coverage position in a letter dated November 2, 2007 and refers to that letter for the contents thereof.

30-31. Denies each and every allegation contained in Paragraphs 30-31 of the Complaint, except admits that TIG issued the Excess Umbrella Policy and refers to that policy and the certificates issued thereunder for the contents thereof.

32. Denies each and every allegation contained in Paragraph 32 of the Complaint, except admits that TIG set forth its coverage position in a letter dated December 19, 2007 and refers to that letter for the contents thereof.

### RESPONSE TO FIRST CAUSE OF ACTION

33. With respect to the allegations contained in Paragraph 33 of the Complaint, repeats and realleges its responses to Paragraphs to 1-32 of the Complaint with the same force and effect as if fully set forth at length herein.

34-44. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 34-44 of the Complaint and respectfully refers all conclusions of law to the Court.

## RESPONSE TO SECOND CAUSE OF ACTION

45.     With respect to the allegations contained in Paragraph 45 of the Complaint, repeats and realleges its responses to Paragraphs 1-44 of the Complaint with the same force and effect as if fully set forth at length herein.

46.     Denies each and every allegation contained in Paragraph 46 of the Complaint, except admits that TIG issued the Umbrella Policy and refers to that policy and the certificates issued thereunder for the contents thereof.

47-49.  Denies each and every allegation contained in Paragraphs 47-49 of the Complaint except admits the existence of the Underlying Actions, refers to the pleadings therein without admitting the truth of the contents thereof, admits that TIG issued the Umbrella Policy, refers to that policy and the certificates issued thereunder for the contents thereof, and respectfully refers all questions of law to the Court.

50-56.  Denies each and every allegation contained in Paragraphs 50-56 of the Complaint and respectfully refers all questions of law to the Court.

## RESPONSE TO THIRD CAUSE OF ACTION

57.     With respect to the allegations contained in Paragraph 57 of the Complaint, repeats and realleges its responses to Paragraphs 1-56 of the Complaint with the same force and effect as if fully set forth at length herein.

58.     Denies each and every allegation contained in Paragraph 58 of the Complaint, except admits that TIG issued the Excess Umbrella Policy and refers to that policy and the certificates issued thereunder for the contents thereof.

59-61. Denies each and every allegation contained in Paragraphs 59-61 of the Complaint except admits the existence of the Underlying Actions, refers to the pleadings therein without admitting the truth of the contents thereof, admits that TIG issued the Excess Umbrella Policy, refers to that policy and the certificates issued thereunder for the contents thereof, and respectfully refers all questions of law to the Court.

62-68. Denies each and every allegation contained in Paragraphs 62-68 of the Complaint and respectfully refers all questions of law to the Court.

### RESPONSE TO FOURTH CAUSE OF ACTION

69.  With respect to the allegations contained in Paragraph 69 of the Complaint, repeats and realleges its responses to Paragraphs 1-68 of the Complaint with the same force and effect as if fully set forth at length herein.

70-74. Denies each and every allegation contained in Paragraphs 70-74 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they concern Admiral or plaintiff's thoughts and respectfully refers all questions of law to the Court.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

No coverage is provided under the Policies to any person or entity other than the insured(s) named therein.

### THIRD AFFIRMATIVE DEFENSE

Subject to their terms, the TIG Policies only provide coverage to insureds against which an action or a suit has been brought.

### FOURTH AFFIRMATIVE DEFENSE

Subject to their terms, the Policies only apply with respect to locations insured thereunder; with respect to plaintiff, 114 Greenwich Street, New York, New York, is not an insured location referenced in the relevant certificate of insurance.

### FIFTH AFFIRMATIVE DEFENSE

In the event that Plaintiff were actually brought into any of the Underlying Actions, the Pollution Exclusion Amendatory Endorsement contained in the Umbrella Policy would bar coverage.

### SIXTH AFFIRMATIVE DEFENSE

TIG has no liability under the Policies prior to the exhaustion of all underlying and other applicable insurance. To the extent that either of the Policies may be applicable to any loss alleged by Plaintiff, they provide is excess insurance and applies over a self-insured retention and/or underlying insurance. No coverage would be available, therefore, to the extent that any applicable limits of any underlying insurance and self-insured retention have not been fully and properly exhausted.

### SEVENTH AFFIRMATIVE DEFENSE

The Policies do not apply to costs sought or recovered in the Underlying Actions that do not represent "damages" within the meaning of Umbrella Policy.

### EIGHTH AFFIRMATIVE DEFENSE

Coverage under the Policies does not apply to any alleged damage or injury that does not constitute "personal injury" as defined in the Umbrella Policy.

### NINTH AFFIRMATIVE DEFENSE

There is no coverage under the Policies for any "personal injury" that is expected or intended from the standpoint of the insured or is not caused by an "occurrence" as defined in the Umbrella Policy or is otherwise non-fortuitous.

### TENTH AFFIRMATIVE DEFENSE

There is no coverage under the Policies for "personal injury" that occurs before the inception or after the expiration of the Policies.

### ELEVENTH AFFIRMATIVE DEFENSE

There is no coverage under the Policies to the extent that the asbestos exclusion, Exclusion B, to the Umbrella Policy applies.

### TWELFTH AFFIRMATIVE DEFENSE

There is no coverage under the Policies for punitive damages, fines or penalties, which are also uninsurable under New York law.

### THIRTEENTH AFFIRMATIVE DEFENSE

In the event that plaintiff failed to comply with the provisions of the Policies, including the requirements to provide timely notice of any loss and/or claims arising therefrom, and immediately provide copies of specified pleadings, Plaintiff lost any rights to which it might otherwise have been entitled under the Policies.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no right to sue under the Policies unless all the provisions provided therein have been fully complied with.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any coverage provided plaintiff under the TIG Policies is subject to the "other insurance" conditions thereof, which render the Policies excess to any other applicable insurance. To the extent that Plaintiff is covered by other insurance, such insurance must defend and indemnify Plaintiff from any and all alleged claims before TIG has any obligation to do so.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any obligations of TIG are limited by the limits, including deductibles, stated in the Policies and such obligations cease upon the exhaustion of the applicable limits.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that the doctrines of waiver, estoppel, laches apply, and/or unclean hands apply.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to serve and/or join all necessary and/or indispensable parties to this action.

## NINETEENTH AFFIRMATIVE DEFENSE

There may be no actual, justifiable case or controversy between Plaintiff and TIG. To the extent Plaintiff seeks indemnification for losses which have not yet arisen and for amounts Plaintiff has not yet paid, TIG is not obligated to provide coverage.

**TWENTIETH AFFIRMATIVE DEFENSE**

TIG incorporates by reference the defenses of any other party to this action to the extent they equally apply to TIG.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, to the extent that Plaintiff seeks coverage under a TIG policy in place of other insurance which is or becomes invalid, uncollectible, or otherwise unavailable due to the insolvency of other insurers or as a result of the acts of the named insured.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, to the extent that Plaintiff failed to mitigate, minimize, or avoid any damages it allegedly sustained.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, to the extent that Plaintiff has voluntarily paid or assumed an obligation to pay or has incurred any expense without notice to TIG or to the extent that Plaintiff has not received TIGs consent or approval.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

To the extent that it is determined that Plaintiff (or its agents or representatives) misrepresented, failed to disclose, or omitted material facts regarding their acts, practices, or conditions or other material information in connection with any application for insurance or in connection with the issuance or renewal of a TIG policy or any risk assumed thereunder, the claims by Plaintiff may be barred, in whole or in part, insofar as TIG relied upon such misrepresentation or omission in issuing and/or renewing any such policy.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Complaint contains insufficient information to permit TIG to raise all appropriate defenses. TIG reserves its rights to amend and/or supplement this Answer and these defenses and to assert additional defenses.

WHEREFORE, Defendant TIG INSURANCE COMPANY demands judgment (1) dismissing the Complaint herein, together with its costs, and attorneys' fees and declaring that TIG has no duty to defend or indemnity plaintiff in connection with the Underlying Actions; and (2) awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 2, 2008

                                      LANDMAN CORSI BALLAINE & FORD P.C.

                              By: _____
                                  Louis G. Corsi (LC-0564)
                                  Stephen Jacobs (SJ-4437)
                                  Attorneys for Defendant
                                  TIG INSURANCE COMPANY
                                  120 Broadway, 27th Floor
                                  New York, New York 10271-0079
                                  (212) 238-4800

TO:    John A.V. Nicoletti
         Nicoletti Hornig & Sweeney
         Wall Street Plaza
         88 Pine Street, 7th Floor
         New York, NY 10005-1801

         Arnold Stream
         Burns, Russo, Tamigi & Reardon, LLP
         390 Old County Road
         Garden City, NY 11530

## CERTIFICATE OF SERVICE

    Stephen Jacobs,, an attorney of record herein, hereby certifies that, on September 2, 2008, the foregoing Answer was served in accordance with the Southern District's Rules on Electronic Service and Local Rule 5.2 upon the following:

John A.V. Nicoletti
Nicoletti Hornig & Sweeney
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005-1801

Arnold Stream
Burns, Russo, Tamigi & Reardon, LLP
390 Old County Road
Garden City, NY 11530


    NO OTHER PARTIES HAVE APPEARED.

_____
Stephen Jacobs (SJ-4437)