UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

120 GREENWICH DEVELOPMENT
ASSOCIATES, L.L.C.,

              Plaintiff,

-against-

ADMIRAL INDEMNITY COMPANY and
TIG INSURANCE COMPANY,

              Defendants.

Docket No.: 08 CV 6491 (LAP)

## DEFENDANT ADMIRAL'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

LAW OFFICES OF ARNOLD STREAM
*Attorneys for Defendant*
ADMIRAL INDEMNITY COMPANY
74 Trinity Place, Suite 1550
New York, New York 10006
Tel: 212/247-2915
File No.: 14694

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................ii

PRELIMINARY STATEMENT.............................................................................1

ARGUMENT
BUT FOR THE POLLUTION, THE UNDERLYING
PLAINTIFF WOULD HAVE NO CLAIM. THE POLLUTION EXCLUSION
THEREFORE BARS COVERAGE
..............................................................................................................2

CONCLUSION......................................................................................................4

# TABLE OF AUTHORITIES

**Cases**

*Atlantic Casualty Insurance Co. v. W. Park Associates, Inc.*
585 F. Supp.2d 323 (EDNY 2008) .................................................................................. 2

*Calvert Insurance Co. v. SNL Realty Corp.,*
926 F.Supp. 44 (SDNY. 1996) ...................................................................................... 2

*Desir v. Nationwide Mutual Fire Insurance Co.,*
856 N.Y.S.2d 664, 50 A.D.3d 942 (2d Dept. 2008) ...................................................... 1

*DMP Contracting Corp. v. Essex Insurance Co.,*
907 N.Y.S. 2d 487, 76 AD3d 844 (1st Dept. 2010) ...................................................... 2

*Fantasia Accessories Ltd v. Northern Assurance Co. of America,*
2001 WL 1478807 (SDNY) ........................................................................................... 2

*First Financial Ins. Co. v. XLNT Recovery Specialist Inc.,*
2000 WL 943499 (SDNY) ............................................................................................. 2

*Mount Vernon Fire Insurance Co. v. Creative Housing,*
88 NY2d 347, 645 NYS2d 433 (1996) .......................................................................... 2

*Mount Vernon Fire Insurance Company v. Creative Housing,*
93 F.3d 63 (2d Cir 1996) ............................................................................................... 2

*Schumann v. New York,*
610 N.Y.S.2d 987, 116 Misc.2d 802 (Ct of Cl 1994) .................................................... 2

*WTC Captive Insurance Co. v. Liberty Mutual Fire Insurance Co.,*
549 F.2d 555 (SDNY 2008) ....................................................................................... 1, 2

## PRELIMINARY STATEMENT

This memorandum of law is submitted in opposition to the motion of plaintiff for judgment on the pleadings.

The cases relied on by plaintiff are not in conformity with controlling New York law.

## ARGUMENT

### BUT FOR THE POLLUTION, THE UNDERLYING PLAINTIFF WOULD HAVE NO CLAIM. THE POLLUTION EXCLUSION THEREFORE BARS COVERAGE.

Contrary to the assertions of plaintiff, Judge Hellerstein's reasoning; in *WTC Captive Insurance Co.*, 549 F.Supp2d 555 (SDNY 2008), is not well-founded in New York law. In fact, there is controlling authority to the contrary by the New York State Court of Appeals and Appellate Divisions, as well as the Second Circuit, and New York Federal District Courts.

To avoid needless repetition, the Court is referred to Admiral's Memorandum of Law, submitted in support of Admiral's motion for judgment on the pleadings, which is incorporated by reference.

Briefly, in interpreting the scope of exclusions, the courts look to the operative act giving rise to recovery rather than the nature of the legal theories pleaded. "[T]he inclusion in the underlying complaint of causes of action sounding in negligence and alleging carelessness does not alter the fact that the 'the operative act giving rise to any recovery is the assault'." *Desir v. Nationwide Mutual Fire Insurance Co.*, 856 N.Y.S.2d 664,

50 A.D.3d 942 (2d Dept. 2008), quoting *Mount Vernon Fire Insurance Co. v. Creative Housing*, 88 N.Y.2d 347, 352, 645 N.Y.S.2d 433.

If no injury could have occurred without the activity or risk excluded by the policy, there is no coverage. *Atlantic Casualty Insurance Co. v. W. Park Associates Inc.*, 585 F.Supp.2d 323, 326 (EDNY 2008); *Fantasia Accessories Ltd. v. Northern Assurance Co. of America*, 2001 WL 1478807 at 9 (SDNY); *First Financial Insurance Co. v. XLNT Recovery Specialist Inc.*, 2000 WL 943499 at 5 (SDNY).

Absent pollutants, the injuries to the underlying claimant would not have occurred. The pollution exclusion therefore applies.

"'Arising out of' language in an insurance exclusion is not ambiguous and is to be applied broadly in the form of a "but for" test in determining coverage." *DMP Contracting Corp. v. Essex Insurance Co.*, 907 N.Y.S.2d 487, 489, 76 A.D.3d 844, 845 (1st Dept. 2010).

But for the environmental catastrophe that befell Lower Manhattan, plaintiff in the underlying action would have no cause of action, however framed. Therefore, the pollution exclusion applies, and there is no coverage.

The cases relied upon by the court in *WTC Captive Insurance Co. v. Liberty Mutual Fire Insurance Co.*, supra, *Calvert Insurance Co. v. SNL Realty Corp.*, 926 F.Supp. 44 (SDNY 1996), and *Schumann v. New York*, 116 Misc.2d 802, 610 N.Y.S.2d 987 (Court of Claims 1994), predate the rulings of the New York State Court of Appeals and U.S. Court of Appeals in *Mount Vernon Fire Insurance Co. v. Creative Housing*, supra; 93 F.3d 63 (2d Cir., Aug. 21, 1996). The *Calvert* decision was issued in May 1996, and the New York

2

State Court of Appeals and Second Circuit decisions in June and August of 1996. *WTC Captive* is simply not in accordance with well-established and controlling New York and Federal caselaw.

Admiral's disclaimer of coverage, based upon the pollution exclusion, was in accordance with the law.

## CONCLUSION

For all the reasons stated herein, and in defendant's Memorandum of Law in support of its Rule 12(c) motion, the Court should deny plaintiff's motion, and issue a declaration that coverage is excluded by the absolute pollution exclusion.

Dated: New York, N.Y.
November 26, 2012

                                Yours, etc.,

                                LAW OFFICES OF ARNOLD STREAM

                                By: _____
                                   ARNOLD STREAM (AS -0723)
                                *Attorneys for Defendant*
                                ADMIRAL INDEMNITY COMPANY
                                74 Trinity Place, Suite 1550
                                New York, New York 10006
                                Tel: 212/247-2915
                                File No.: 14694

TO:   Nicoletti Hornig & Sweeney
       John Nicoletti, Esq. (JN – 7174)
       *Attorneys for Plaintiff*
       Wall Street Plaza
       88 Pine Street
       New York, NY 10005-1801
       (212) 220-3830

       Landman Corsi Ballaine & Ford, PC
       Stephen Jacobs, Esq. (SJ – 4437)
       *Attorneys for Defendant*
       TIG INSURANCE COMPANY
       120 Broadway, 27th Floor
       New York, NY 10271-0079
       (212) 238-4806