UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
120 GREENWICH DEVELOPMENT                    Index No.
ASSOCIATES, L.L.C.,                          **08-CV-6491 (LAP)**
                                             ECF Case
                Plaintiff,

    - against -

ADMIRAL INDEMNITY COMPANY and
TIG INSURANCE COMPANY,

                Defendants.
---------------------------------------------------------------X


### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST DEFENDANT ADMIRAL INDEMNITY COMPANY

NICOLETTI HORNIG & SWEENEY
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
Tel:    (212) 220-3830
Fax:   (212) 220-3780
Email:  jnicoletti@nicolettihornig.com
Our File: 00000792 JAVN/NN

*Attorneys for Plaintiff 120 Greenwich Development Associates, L.L.C.*

Of Counsel:

John A.V. Nicoletti
Nooshin Namazi
William M. Fennell

**TABLE OF CONTENTS**

Table of Authorities ................................................................................................................... ii

Preliminary Statement .................................................................................................................1

Legal Argument

      I.        None Of The Cases Cited By Admiral Involve A Pollution Exclusion ...................1

      II.       Admiral's Application Of The "But-For" Test In *Creative Housing*
                Ignores The Allegations In The *WTC Litigation* .......................................................2

Conclusion ....................................................................................................................................4

# TABLE OF AUTHORITIES

*Atlantic Cas. Ins. Co. v. W. Park Assocs.*,
   585 F. Supp. 2d 323 (E.D.N.Y. 2008) ...............................................................................1

*Belt Painting Corp. v. TIG Ins. Co.*,
   293 A.D.2d 206, 742 N.Y.S.2d 332 (N.Y. App. Div. 2d Dep't 2002),
   *aff'd*, 100 N.Y.2d 377, 795 N.E.2d 15, 763 N.Y.S.2d 790 (N.Y. 2003) ...................................3

*Calvert Insurance Co. v. S & L Realty Corp.*,
   926 F. Supp. 44 (S.D.N.Y. 1996)......................................................................................2

*Desir v. Nationwide Mut. Fire Ins. Co.*,
   50 A.D.3d 942, 856 N.Y.S.2d 664 (N.Y. App. Div. 2d Dep't 2008) ........................................1

*DMP Contracting Corp. v. Essex Ins. Co.*,
   76 A.D.3d 844, 846, 907 N.Y.S.2d 487 (N.Y. App. Div. 1st Dep't 2010)...............................1

*Fantasia Accessories, Ltd. v. Northern Assurance Co. of America*,
   No. 01-CV-663, 2001 WL 1478807 (S.D.N.Y. Nov. 20, 2001)........................................... 1-2

*First Fin. Ins. Co. v. XLNT Recovery Specialist, Inc.*,
   No. 98-CV-5033, 2000 WL 943499 (S.D.N.Y. July 7, 2000) ..................................................2

*Incorporated Village of Cedarhurst v. Hanover Insurance Co.*,
   89 N.Y.2d 293, 675 N.E.2d 822, 653 N.Y.S.2d 68 (N.Y. 1996).......................................... 2-3

*Mount Vernon Fire Ins. Co. v. Creative Housing Ltd.*,
   88 N.Y.2d 347, 668 N.E.2d 404, 645 N.Y.S.2d 433 (N.Y. 1996)..........................................2

*Niagara County v. Utica Mutual Insurance Co.*,
   80 A.D.2d 415, 439 N.Y.S.2d 538 (N.Y. App. Div. 4th Dep't 1981) ......................................2

*Schumann v. New York*,
   160 Misc. 2d 802, 610 N.Y.S.2d 987 (N.Y. Ct. Cl. 1994).........................................................2

*WTC Captive Ins. Co. v. Liberty Mutual Fire Ins. Co.*,
   549 F. Supp. 2d 555 (S.D.N.Y. 2008).......................................................................................2

**PRELIMINARY STATEMENT**

Plaintiff 120 Greenwich Development Associates, L.L.C. ("Greenwich") respectfully submits the Reply Memorandum in further support of its motion for a judgment in the pleadings against Admiral Indemnity Company ("Admiral") with respect to Admiral's duty to defend Greenwich in the *In Re World Trade Center Lower Manhattan Disaster Site Litigation*, 1:21-MC-00102-AKH before Judge Alvin K. Hellerstein in this district (the "*WTC Litigation*").

**LEGAL ARGUMENT**

**POINT I**

**NONE OF THE CASES CITED BY ADMIRAL
INVOLVE A POLLUTION EXCLUSION**

Admiral argues, as it did in support of its cross-motion to dismiss, that New York courts "look to the operative act giving rise to recovery rather than the nature of the legal theories pleaded." R. Doc. 37 (Admiral's Opp. Mem. at 1); *see also* R. Doc. 35 (Admiral's Mem. in Supp.). Not a single case previously relied upon by Admiral involved a pollution exclusion. *See generally* R. Doc. 28 (Greenwich's Opp. Mem. at 2-4). The same is true with Admiral's Opposition. *See Atlantic Cas. Ins. Co. v. W. Park Assocs.*, 585 F. Supp. 2d 323, 324 (E.D.N.Y. 2008) (considering an "Independent Contractors/Subcontractors Endorsement"); *Desir v. Nationwide Mut. Fire Ins. Co.*, 50 A.D.3d 942, 942, 856 N.Y.S.2d 664, 665 (N.Y. App. Div. 2d Dep't 2008) (considering an assault in the context of a policy that defined "occurrence" as injury arising from an "accident"); *DMP Contracting Corp. v. Essex Ins. Co.*, 76 A.D.3d 844, 846, 907 N.Y.S.2d 487, 489 (N.Y. App. Div. 1st Dep't 2010) (interpreting automobile exclusion); *Fantasia Accessories, Ltd. v. Northern Assurance Co. of America*, No. 01-CV-663, 2001 WL 1478807, at *9 (S.D.N.Y. Nov. 20, 2001) (considering an exclusion for advertising

injury); *First Fin. Ins. Co. v. XLNT Recovery Specialist, Inc.*, No. 98-CV-5033, 2000 WL 943499, at *3-4 (S.D.N.Y. July 7, 2000) (interpreting exclusion for assault).

## POINT II

### ADMIRAL'S APPLICATION OF THE "BUT-FOR" TEST IN *CREATIVE HOUSING* IGNORES THE ALLEGATIONS IN THE *WTC LITIGATION*

Admiral contends that *Mount Vernon Fire Insurance Co. v. Creative Housing Ltd.*, 88 N.Y.2d 347, 668 N.E.2d 404, 645 N.Y.S.2d 433 (N.Y. 1996), was decided after the New York state and federal cases that Judge Hellerstein relied upon in *WTC Captive Insurance Co. v. Liberty Mutual Fire Insurance Co.*, 549 F. Supp. 2d 555 (S.D.N.Y. 2008), and which unequivocally held that the theory of liability against the insured matters with respect to the pollution exclusion.  *See, e.g.*, *Calvert Insurance Co. v. S & L Realty Corp.*, 926 F. Supp. 44, 47 (S.D.N.Y. 1996); *Schumann v. New York*, 160 Misc. 2d 802, 805-06, 610 N.Y.S.2d 987, 989 (N.Y. Ct. Cl. 1994); *Niagara County v. Utica Mutual Insurance Co.*, 80 A.D.2d 415, 420-21, 439 N.Y.S.2d 538, 541-42 (N.Y. App. Div. 4th Dep't 1981).  Without belaboring the point, Judge Hellerstein was well aware of *Creative Housing* because the declining insurers in *WTC Captive Insurance Co.* relied upon it in support of their arguments that the pollution exclusion applied in that case.  *See WTC Captive Insurance Co.*, No. 07-CV-01209, Docket No. 83 (S.D.N.Y. Feb. 2, 2008) (Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment).

The sweep that Admiral attributes to the "but-for" analysis in *Creative Housing* failed to persuade the New York Court of Appeals in *Incorporated Village of Cedarhurst v. Hanover Insurance Co.*, 89 N.Y.2d 293, 675 N.E.2d 822, 653 N.Y.S.2d 68 (N.Y. 1996), that the pollution

exclusion applied to the claims in that case.[1]  The "but-for" test was relied upon by the dissent. *See id.* at 304, 675 N.E.2d at 827, 653 N.Y.S.2d at 73 (dissent).  The majority, however, looked to both the theory of liability (in that case the allegation was that the insured was negligent in maintaining the municipal sewer system) and the cause of the injury (which was that an alleged overflow from the sewage system caused damage to property).  *See id.* at 299, 675 N.E.2d at 824, 653 N.Y.S.2d at 70.  The Court stated that "pollution exclusions do not apply when the complaint does not allege that the discharge complained of actually results in pollution."  *Id.* at 293, 298-99, 675 N.E.2d at 824, 653 N.Y.S.2d at 70.

In the Appellate Division's decision in *Belt Painting Corp. v. TIG Insurance Co.*, 293 A.D.2d 206, 209, 742 N.Y.S.2d 332, 335 (N.Y. App. Div. 2d Dep't 2002), *aff'd*, 100 N.Y.2d 377, 795 N.E.2d 15, 763 N.Y.S.2d 790 (N.Y. 2003), the court stated that "New York will not adhere to a completely literal approach in connection with the application of absolute pollution exclusions," even if the approach was criticized by other jurisdictions.  The plaintiff in that case, like the plaintiffs in the *WTC Litigation*, alleged that he sustained personal injuries "as a result of his inhalation of 'noxious and toxic fumes.'"  *Id.* at 207, 742 N.Y.S.2d at 335.  The court held that the absolute pollution exclusion did not apply:

> although the [the plainfiff's] complaint alleges that personal injuries resulted from the emission of toxic fumes in combination with other factors such as inadequate ventilation, it does not allege that [the insured's] activities resulted in anything which would ordinarily be described as "pollution."

293 A.D.2d at 208, 742 N.Y.S.2d at 334.

In this case, the plaintiffs allege that the collapse of the World Trade Center spread "known and unknown toxic substances."  *See* Ex. 4 ¶ 2 (First Am. Master Compl.).  Plaintiffs

---

[1]  The decision in *Incorporated Village of Cedarhurst* was issued approximately six months after *Creative Housing*.

3

allege that they were exposed to hazardous chemicals in violation of New York Labor Law and, among other things, by the defendants' negligence in failing to provide proper and appropriate protective clothing and respiratory equipment.  *See* Ex. 4 ¶ 5 (First Am. Master Compl.).  Not all of the substances to which plaintiffs allege they were exposed — including "fiberglass," "glass" and "organic matter" (*id.* ¶ 6) — are "pollutants."  Thus, even Admiral's "but-for" analysis fails to establish that the injuries in the *WTC Litigation* would not have occurred "but-for" a pollutant.  Admiral's duty to defend was triggered and the claims in the underlying *WTC Litigation* do not fall entirely within the pollution exclusion.  Admiral wrongfully refused to provide Greenwich with a defense.

## CONCLUSION

Based upon the foregoing, as a matter of law, Greenwich is entitled to defense from Admiral for the complaints filed against Greenwich in the *WTC Litigation*.  Accordingly, Greenwich is entitled to a judgment in its favor declaring Admiral's duty to defend, together with such other and further relief as this Court may deem just, equitable, and proper.

Dated: New York, New York
        December 21, 2012

                                                        Respectfully submitted,

                                                        NICOLETTI HORNIG & SWEENEY
                                                        *Attorneys for Plaintiff 120 Greenwich*
                                                        *Development Associates, L.L.C.*

                                  By:            s/ John A. V. Nicoletti
                                        John A.V. Nicoletti (JN-7174)
                                        Wall Street Plaza
                                        88 Pine Street, 7th Floor
                                        New York, New York 10005-1801
                                        Tel: (212) 220-3830
                                        Email: general@nicolettihornig.com
                                        Our File: 00000792 JAVN/NN

**TO:**

Stephen Jacobs, Esq.
LANDMAN, CORSI, BALLAINE & FORD P.C.
*Attorneys for Defendant TIG Insurance Company*
120 Broadway, 27th Floor
New York, New York 10271-0079
Tel:  212-238-4800


Arnold Stream, Esq.
LAW OFFICE OF ARNOLD STREAM
*Attorneys for Defendant Admiral Indemnity Company*
74 Trinity Place, Suite 1550
New York, New York 10006
Tel: 212-247-2915
Fax: 212-232-2056
E-mail: Stream.ArnoldAtty@yahoo.com



T:\wfennell\Motion to Dismiss -- Reply MOL (Draft #1).doc